Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Andrea Jump**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**BBQ 1183, LLC d/b/a Dickey's Barbecue Pit**, an Arizona company; **Darryl Weaver,** an Arizona resident; and **Laura Weaver,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Andrea Jump ("**Plaintiff**"), for her Verified Complaint against Defendants BBQ 1183, LLC d/b/a Dickey's Barbecue Pit (**"Dickey's"**); Darryl Weaver; and Laura Weaver; (**"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1.  Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and for their unlawful distribution of Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**"); and failure to make timely

and reasonable payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover overtime compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Wage Statute.

3. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA Tip Violation statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claim is sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Andrea Jump resided in the District of Arizona.

9. Plaintiff Andrea Jump was a full-time employee of Defendants from on or around June 4, 2022, until on or around October 24, 2022 ("**all relevant times**").

10. At all relevant times to the matters alleged herein, Plaintiff Andrea Jump was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times to the matters alleged herein, Plaintiff Andrea Jump was an employee of Defendants as defined by A.R.S. § 23-350(2).

12. Defendant Dickey's is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant Dickey's was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant Dickey's was Plaintiff's employer as defined by A.R.S. § 23-350(3).

15. Defendant Darryl Weaver is an Arizona resident.

16. Defendant Darryl Weaver has directly caused events to take place giving rise to this action.

17. Defendant Darryl Weaver is a member of Dickey's.

18. Defendant Darryl Weaver is an employer of Dickey's.

19. Defendant Darryl Weaver is an owner of Dickey's.

20. Defendant Darryl Weaver has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Darryl Weaver is an employer.

22. Defendant Darryl Weaver supervised and controlled the conditions of Plaintiff's employment.

23. Defendant Darryl Weaver monitored discounts and would call the store to

inquire why they were given.

24. Defendant Darryl Weaver determined the rate and method of Plaintiff's payment of wages.

25. Defendant Darryl Weaver had final approval of payroll.

26. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Darryl Weaver is subject to individual and personal liability under the FLSA.

27. Defendant Laura Weaver is an Arizona resident.

28. Defendant Laura Weaver has directly caused events to take place giving rise to this action.

29. Defendant Laura Weaver is a member of Dickey's.

30. Defendant Laura Weaver is an employer of Dickey's.

31. Defendant Laura Weaver is an owner of Dickey's.

32. Defendant Laura Weaver has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

33. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Laura Weaver is an employer.

34. Defendant Laura Weaver supervised and controlled the conditions of Plaintiff's employment.

35. Defendant Laura Weaver would give Plaintiff's tasks to do when she came to the store for check-ins.

36. As a person who acted in the interest of the previously identified corporate

entity in relation to the company's employees, Defendant Laura Weaver is subject to individual and personal liability under the FLSA.

37. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Laura Weaver and Defendant Darryl Weaver were legally married.

38. Defendant Laura Weaver and Defendant Darryl Weaver have caused events to take place giving rise to this action as to which their marital community is fully liable.

39. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

40. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

41. Defendants, and each of them, are sued in both their individual and corporate capacities.

42. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

43. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

44. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

46. Plaintiff, in her work for Defendants, regularly handled goods produced and

transported in interstate commerce.

47. Plaintiff would process credit card transactions for Defendants.

48. Under the FLSA, Plaintiff is a covered employee under individual coverage.

49. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

50. The entity Defendant is a barbeque restaurant.

51. On or around June 4, 2022, Plaintiff Andrea Jump commenced employment with Defendants as a cashier.

52. On or around mid-August Plaintiff Andrea Jump was promoted to assistant manager.

53. Plaintiff's primary job duties included opening and closing the store, catering, prepping meat, serving food, cleaning, and cashing out customers.

54. From on or around June 4, 2022 until on or around mid-August, Plaintiff was paid at a rate of $14.00 an hour.

55. From on or around mid-August until on or around October 24, 2022, Plaintiff was switched to a salary of $35,000 per year.

56. Plaintiff worked in excess of 40 hours per week.

57. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

58. For example, during the pay period of August 8, 2022, Plaintiff worked 49 hours and 15 minutes and was not compensated for any overtime pay.

59. During the relevant time period, Plaintiff did not receive her correct overtime wages.

60. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

61. Defendants required Plaintiff to work overtime as a condition of her employment.

62. Plaintiff did not receive all of her earned tips.

63. For example, Plaintiff did not receive any of her earned tips for the last two weeks of July 2022.

64. Plaintiff was a non-exempt employee.

65. Defendants failed to properly compensate Plaintiff for all her overtime hours and tips.

66. Plaintiff had her wages lowered by Defendants without Defendants telling her.

67. After Plaintiff had been put on suspension, she noticed that on her November 4, 2022 paystub, her rate of pay had been lowered.

68. Plaintiff was making a salary of $35,000, which broke down to roughly $16.82 an hour.

69. On Plaintiff's November 4, 2022 paystub, she had only been paid at a rate of $12.80 an hour.

70. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

71. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

72. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

73. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

75. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

76. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

77. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

78. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

79. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

80. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

81. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

82. Defendants have not made a good faith effort to comply with the FLSA.

83. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

84. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

85. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

86. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

87. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

88. Plaintiff is an employee entitled to all of her tips.

89. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff's tips.

90. In addition to the amount of unpaid tipped wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

91. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

92. Defendants have not made a good faith effort to comply with the FLSA.

93. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b)

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (ONLY AGAINST DEFENDANT DICKEY'S)

94. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

95. At all relevant times, Plaintiff was employed by Defendant Dickey's within the meaning of the Arizona Wage Statute.

96. Defendant Dickey's was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

97. Defendant Dickey's was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

98. Defendant Dickey's failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

99. Defendant Dickey's has willfully failed and refused to timely pay wages due to Plaintiff.

100. As a result of Defendant Dickey's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. §

207, by failing to pay overtime;

  iii. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

  iv. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 21, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Andrea Jump declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Andrea Jump